# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40534
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Isidro Ismael Guajardo,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-1184-1

———————————————————————————

Before Barksdale, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:*

Isidro Ismael Guajardo challenges his within-Guidelines 72-months'
sentence, imposed following his guilty-plea conviction for conspiracy to
transport an alien within the United States and transporting an alien within
the United States for financial gain, in violation of 8 U.S.C. § 1324. Guajardo

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

contests the district court's application of a two-level reckless-endangerment enhancement under Sentencing Guideline § 2L1.1(b)(6) (quoted *infra*).

Guajardo did not preserve this issue in district court (as he correctly concedes). Because the issue was not preserved, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted). Guajardo has not shown the requisite clear-or-obvious error.

The Guidelines provide for a two-level increase to defendant's base-offense level "[i]f the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person". U.S.S.G. § 2L1.1(b)(6). Our court has identified non-exhaustive "aggravating factors" that may justify application of the adjustment, which include: "the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs". *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 & n.4 (5th Cir. 2006).

Guajardo contends the facts of his case are analogous to those in *United States v. Solis-Garcia*, 420 F.3d 511 (5th Cir. 2005), where our court concluded that the district court's application of the reckless-endangerment enhancement was error when the aliens were merely lying down in the cargo area of a van without the presence of any of the above-described aggravating factors. *Id.* at 516. *Solis-Garcia* and the instant case present facial similarities, as both cases involve alien passengers located in the cargo area of a vehicle;

2

No. 24-40534

but, unlike the passenger in *Solis-Garcia*, Guajardo's passenger was not merely lying on the floor in the cargo area—he was *underneath* the floor of the cargo area, wedged into the spare-tire compartment. In short, the facts at hand are easily distinguishable from those in *Solis-Garcia*.

Guajardo does not cite, and research did not provide, any cases that, like this one, involve transporting an alien in the spare-tire compartment of an SUV. And, "[i]n this circuit, a lack of binding authority is often dispositive in the plain error context". *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022). Moreover, we have affirmed application of the disputed enhancement when "the alien was jammed into a compartment or wedged into a tight space", as was the case here. *United States v. Mata*, 624 F.3d 170, 174 (5th Cir. 2010) (citing *United States v. Rodriguez-Mesa*, 443 F.3d 397, 403 (5th Cir. 2006); then citing *United States v. Garza*, 587 F.3d 304, 309 (5th Cir. 2009)).

AFFIRMED.